THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ELMER KEVLON, Appellant.

First Department, June 3, 1927.

Crimes — increased sentence under Penal Law, § 1944, based on possession of pistol or other weapon while committing felony — possession of weapon by one of two or more principals not deemed possession of other principals — Penal Law, § 2, defining principal, not applicable in construction of section 1944.

Under section 1944 of the Penal Law, which requires increased punishment for one who commits a felony while armed with a pistol or other specified weapons, and which provides that under such circumstances the accused shall not be placed upon probation or have execution of his sentence suspended under section 2188 of the Penal Law, the possession of a weapon by one of two or more principals will not be deemed the possession of each and every person concerned in the felony so as to make such persons liable to the increased punishment.

Section 2 of the Penal Law, which defines a principal, has no application to section 1944 so as to require a construction of the latter section making all persons involved in the commission of a felony, where one of their number is armed, amenable to increased punishment.

APPEAL by the defendant, Elmer Kevlon, from a judgment of the Court of General Sessions of the county of New York, rendered on the 23d day of December, 1926, convicting him of the crime of robbery in the second degree upon his plea of guilty, and also from a judgment rendered against him on the 14th day of January, 1927, convicting him of the crime of robbery in the second degree.

*David C. Broderick* of counsel [*Leonard F. Fish* with him on the brief], for the appellant.

*Robert C. Taylor, Assistant District Attorney,* of counsel [*Joab H. Banton, District Attorney*], for the respondent.

O'MALLEY, J.  This appeal involves the construction of section 1944 of the Penal Law, which requires increased punishment for one who commits a felony while armed with a pistol, or one of other specified weapons.  The precise question presented is whether within the purview of this statute the possession of a weapon by one of two or more principals is to be deemed the possession of each and every person concerned in the felony.

Section 1944 of the Penal Law (as added by Laws of 1926, chap. 705), in so far as material, provides:

" Sec. 1944.  Committing felony while armed.  If any person while in the act of committing a felony, or attempting to commit a felony, shall be armed with a pistol or any of the weapons or instruments specified in sections eighteen hundred and ninety-six, eighteen hundred and ninety-seven or eighteen hundred and ninety-seven-a, the punishment elsewhere prescribed in this law for the felony of which he is convicted shall be increased by imprisonment in state's prison for not less than five nor more than ten years.  * * * In no case shall any person punishable as above provided be put upon probation or have the execution of his sentence suspended, notwithstanding the provisions of section twenty-one hundred and eighty-eight, for the increased term of his punishment imposed as above."

Section 2188, referred to therein, vests in the court the discretionary power of suspension of sentence.

The facts essential to our decision may be briefly stated.  The appellant, with James Morrison and George Arthur and another unapprehended defendant, was indicted on November 30, 1926, on two indictments, only one of which need be considered.  The first count charged robbery in the first degree, committed with a dangerous weapon, a pistol.  There were three other counts in the indictment, none of which is material.  All three defendants first pleaded guilty to robbery in the first degree under the first count, which specifically alleged each to have been armed with a pistol.  Later this plea was withdrawn and all pleaded guilty to robbery in the second degree under the same count.  This crime does not necessarily involve the use of a pistol.  (Penal Law, § 2126.)  Upon this plea all of the defendants were sentenced to State prison for not less than five nor more than ten years, but execution of

15

sentence was suspended during good behavior, under the pro-
visions of section 2188 (*supra*). Thereafter the district attorney
moved for the revocation of these sentences upon the ground that
under the provisions of section 1944, the court was without power
to suspend sentence and bench warrants for the appellant and
his codefendants were then issued and they were arraigned for
resentence.

Upon the proceeding then held it developed that the pistol which
belonged to the unapprehended defendant and was in his possession
at the time of the commencement of the holdup, had been passed
to the defendant Morrison and was momentarily in his possession
at the time the crime was committed. The court thereupon
revoked the previous sentences and sentenced each of the defendants
to State prison for not less than six nor more than ten years, five
years of which was imposed because the defendants were armed with
a pistol while engaged in the commission of a felony.

Morrison's possession was established through the concession of
his counsel. The court sought to have counsel for this appellant
and the defendant Arthur concede for the purposes of the proceeding
such temporary possession of the pistol by the defendant Morrison.
Appellant's counsel refused to make such concession and stated that
proof with respect to Morrison's possession should be formally
taken. In other words, as we interpret his attitude at the trial,
he refused to concede that Morrison's admissions were binding upon
the appellant.

It is urged by the district attorney that the attitude of appellant's
counsel throughout the hearing was such as to warrant a belief
on the part of the court that he had conceded, for the purposes
of the proceeding, possession of the pistol in Morrison. We think,
however, that the appellant's counsel may not be deemed to have
made such concession, in view of his statement at the beginning
of the hearing. However, in view of the conclusion we have
reached, whether he made the concession is immaterial. We are
of the opinion that the possession by Morrison, even if such had
been conceded, may not be deemed the possession of the appellant
within the provisions of section 1944.

It is urged by the learned assistant district attorney that the
portion of section 2 of the Penal Law which defines a principal
in a crime must control in the construction of this statute. It
provides: " Principal. A person concerned in the commission of a
crime, whether he directly commits the act constituting the offense
or aids and abets in its commission, and whether present or absent,
and a person who directly or indirectly counsels, commands, induces
or procures another to commit a crime, is a ' principal.' "

It is urged that the scope of this section is sufficiently broad to make its provision applicable to section 1944, and to require a construction of the latter that will make all persons involved in the commission of a felony, where one of their number is armed, amenable to increased punishment. In this connection we are referred to the so-called "felony murder" statute (Penal Law, § 1044, subd. 2). Under this statute it has, of course, been repeatedly held that a principal, whether present or absent, and armed or unarmed, is equally guilty with the one who actually commits the murder. (*People v. Flanigan*, 174 N. Y. 356; *People v. Giro*, 197 id. 152; *People v. Michalow*, 229 id. 325.)

Notwithstanding these decisions we do not think that the provisions of section 2 are applicable. Section 1944 deals simply with the subject of *increased punishment* for one who commits a crime' in a certain manner. It does not purport to define a crime. Section 2 (*supra*), on the other hand, defines who is a principal in the *commission of a crime*. As an additional deterrent to crimes of violence and the use of dangerous weapons in their commission, it was entirely reasonable for the Legislature to provide that any person participating therein while armed should receive punishment in addition to that which follows the commission of the felony itself. The purpose being to prevent or deter criminals from using dangerous weapons in the commission of crime, it was but logical that the extra punishment provided should be visited only upon those in possession of such dangerous weapons. If the intention had been that every participant should be subject to such additional punishment, it would have been a simple matter for the Legislature to have so provided by the use of appropriate language.

It follows that the sentence imposed was improper and the defendant should be resentenced in accordance with the provisions of law.

DOWLING, P. J., FINCH, MCAVOY and MARTIN, JJ., concur.

Defendant remanded for resentence. Settle order on notice.