THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CHARLES PARADISO, Respondent.

**Crimes — dangerous weapons — sentence — one carrying a dangerous weapon while committing felony to receive additional punishment, not unarmed accomplices.**

Section 1944 of the Penal Law, providing that if any person while committing or attempting to commit a felony shall be armed with a pistol or other dangerous weapon, his punishment shall be increased by specified additional terms of imprisonment, applies to the sentence of the particular offender and not to the nature of the crime.   If one of two or more criminals has a dangerous weapon, the degree of the crime which all commit may be raised by reason of the weapon. (Penal Law, § 2124.)   All acting together are guilty of the same crime, but when it comes to the punishment, only the one having the weapon is to get the additional sentence.

*People* v. *Paradiso*, 222 App. Div. 830, affirmed.

(Submitted April 2, 1928; decided May 1, 1928.)

# 124    PEOPLE v. PARADISO.

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 23, 1927, which modified and affirmed as modified a judgment of the Kings County Court rendered upon a verdict convicting the defendant of the crime of robbery in the first degree.

*Charles J. Dodd, District Attorney (Henry J. Walsh* of counsel), for appellant. The court below was in error in holding that the respondent was not amenable to the provisions of section 1944 of the Penal Law. (*People* v. *Flanigan,* 174 N. Y. 356; *People* v. *Giro,* 197 N. Y. 152; *People* v. *Madas,* 201 N. Y. 349; *People* v. *Friedman,* 205 N. Y. 161; *People* v. *Kuhn,* 205 N. Y. 548; *People* v. *Giusto,* 206 N. Y. 67; *People* v. *Michalow,* 229 N. Y. 325; *People* v. *McKane,* 143 N. Y. 455.)

*Joab H. Banton, District Attorney (Robert C. Taylor* of counsel), *amicus curiæ.* Section 1944 of the Penal Law justifies the imposition of additional punishment upon one who was not himself armed, but was acting jointly with others who were armed. (*People* v. *Friedman,* 205 N. Y. 161; *People* v. *Michalow,* 229 N. Y. 325; *People* v. *McKane,* 143 N. Y. 455; *People* v. *Flanigan,* 174 N. Y. 356; *People* v. *Giro,* 197 N. Y. 152; *People* v. *Madas,* 201 N. Y. 349; *People* v. *Giusto,* 206 N. Y. 67; *People* v. *Kuhn,* 205 N. Y. 548.)

*Caesar B. F. Barra* and *Ralph J. Barra* for respondent. The Appellate Division properly held that the respondent was not amenable to the provisions of section 1944 of the Penal Law. (*People* v. *Gowasky,* 244 N. Y. 451; *People* v. *Arnstein,* 211 N. Y. 585; *People* v. *Zayas,* 217 N. Y. 78; *United States* v. *Wiltberger,* 5 Wheat. 76.)

CRANE, J. In the County Court of Kings county the defendant was convicted of robbery, first degree, and sentenced to Sing Sing State Prison for an indeterminate sentence, the maximum to be thirty years and the

minimum fifteen years and five to ten years additional pursuant to section 1944 of the Penal Law. On appeal, the Appellate Division modified the judgment by striking out the additional sentence and certified the case to us. We think the Appellate Division was right in its modification. (See, also, *People* v. *Kevlon*, 221 App. Div. 224.)

Robbery is the unlawful taking of personal property from the person or in the presence of another against his will by means of force or violence. (Penal Law, sec. 2120.) It becomes robbery, first degree, when committed by a person armed with a dangerous weapon or being aided by an accomplice actually present. (Penal Law, sec. 2124.)

The defendant was associated in the commission of the crime with one named Napalentano, who was armed with a pistol. The defendant had no pistol. Robbery having been committed, it became a first degree robbery for two reasons: 1st, one of the principals had a dangerous weapon; 2d, the defendant was aided by an accomplice actually present. Because the two were acting together it would have been robbery, first degree, if neither had had a pistol. The same applies to burglary. (Penal Law, sec. 402.)

These two men were principals in the crime (Penal Law, sec. 2) and the crime was first degree robbery for the two reasons stated.

Having been convicted, how were they to be sentenced? Not necessarily alike. The punishment is provided by section 2125 as imprisonment for not less than fifteen years. If one of these two defendants had been a fourth offender, then by section 1942 of the Penal Law, the sentence imposed on him would have been imprisonment for life. The criminal history of the defendant sometimes makes considerable difference in the sentence. One previously convicted of a felony is more severely punished than a first offender. (*People* v. *Gowasky*, 244 N. Y. 451.)

Section 1944 like section 1942 applies to the sentence of the particular defendant and not to the nature of the

crime. Where one of two or more criminals has a danger-
ous weapon, the degree of the crime which all commit
may be raised by reason of the weapon — all acting
together are guilty of the same crime, but when it comes
to the punishment, the one having the weapon is to get
an additional sentence as provided in section 1944. The
intention of the Legislature was to discourage the carrying
of weapons and to make an added risk in committing
crime to the one having the pistol or the gun. Heretofore
the one with the gun ran no more chances than the others
without weapons — now he will get five to ten years
more for his cowardice.

The judgment should be affirmed.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG
and O'BRIEN, JJ., concur.

Judgment affirmed.