[Crim. No. 2066.  Second Appellate District, Division Two.—May 11, 1931.]

THE PEOPLE, Respondent, v. EVAN E. R. JONES, Appellant.

Ralph D. Paonessa and Neal E. Dow for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.* — Defendant was charged by information with the crime of robbery, under two counts. The jury returned a verdict of guilty of robbery in the first degree on each count. A motion for new trial having been denied and judgments rendered on the verdicts, defendant appeals from the order denying said motion and from the judgments.

■ Appellant does not contend that the evidence is insufficient to warrant a conviction of robbery on both counts, but urges that the court erred in admitting as evidence an overcoat and a gun found near the scene of the second robbery, claiming that there is no evidence to connect them with him. There is no evidence that appellant himself used a gun at any time on the evening in question.

The evidence presented by the prosecution shows that on the evening of November 21, 1930, defendant and another man, who was not arrested, held up a gasoline station at Pico and Arlington Streets, Los Angeles, operated by one Howard A. Francis, and thereafter and at about 9 o'clock P. M., at 1607 Oak Street in the same city, the same parties held up another station, operated by W. L. Nielson. While this second holdup was being perpetrated a policeman fired on the defendant, wounding him. The latter's accomplice fired back and then disappeared over a fence. The testimony of all the eye-witnesses is to the effect that defendant's accomplice wore an overcoat. Between 9 and 11 o'clock that evening the overcoat which was introduced in evidence was found in the rear of 1621 Oak Street, a short distance from the scene of the second robbery and on the same side of the street, and in its pocket was the revolver in question. The witness Nielson was shown the gun and asked: "Where did you first see that revolver? A. First saw it at the [service] station. It was the revolver the man with the gun—the man was holding. Q. You say that was the revolver the man that was with the defendant, Jones, was holding? A. Yes, sir." The same witness was shown the overcoat and asked if he had seen it before, to which he replied: "Yes, sir, I saw it the same

night on the same fellow—rather, the one that was with Jones, the one that got away.'' With regard to the gun the witness Francis testified: ''Yes, sir, that appears to be the gun that I was held up with.'' Officer Sun, who found the overcoat, testified that he found it in the rear of 1621 Oak Street, lying on the ground, between 9 and 11 o'clock; that the revolver was in the pocket and that he ''broke it'' and found one empty shell and three that were not exploded. Officer Solovan testified that he saw the defendant and his accomplice about 9 P. M. holding up the service station at Venice Boulevard and Oak Street, the scene of the second robbery; that he saw defendant reaching for something and fired at him; that the accomplice ran and jumped over a fence and fired—''fired four shots at me. One shot went off and the other three failed to fire.'' He testified further that the man who went over the fence had on an overcoat which he identified as the coat shown him at the trial and admitted in evidence.

The evidence was amply sufficient to identify the overcoat as the one worn by appellant's accomplice and the gun as the one used in both holdups, and it stands uncontradicted.

The distinction between principals in the first and second degrees, in cases of felony, has been abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid or abet its commission, may be prosecuted and punished as principals. The information in the present case contains sufficient allegations to charge the defendant (secs. 31 and 971, Pen. Code), and while he did not use the gun, appellant is properly prosecuted, tried and punished to the fullest extent for the acts of his accomplice which he aided and abetted; and whether the gun was used by him or by his accomplice would make no legal difference. (*People* v. *Yeager*, 194 Cal. 452, 460 [229 Pac. 40].) We see no error in the admission of the evidence in question.

Judgments and order affirmed.

Works, P. J., and Craig, J., concurred.