[Crim. No. 2371. Second Appellate District, Division One.—May 25, 1933.]

THE PEOPLE, Respondent, v. THOMAS GILLSTARR et al., Defendants; JEFF REED, Appellant.

Philip S. Schutz and Alexander L. Oster for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

HENDERSON, J., *pro tem.*—The defendant Jeff Reed and one Thomas Gillstarr were charged by an information containing two counts with the crime of robbery. The jury before whom the defendants were tried returned verdicts finding each of them guilty of robbery in the first degree. The defendant Reed appeals from the judgment. The evidence at the trial proved that defendant Gillstarr was armed with a deadly weapon, which was, however, the property of appellant Reed, and both defendants took part in the robbery.

Appellant, by reason of the fact that the evidence did not prove that he had any deadly weapon in his own possession, contends that the court erred in denying him permission to make application for probation for the reason, as stated by the trial judge, that he did not have jurisdiction to grant probation. From the facts before us, however, we must conclude that defendant's motion was finally summarily denied pursuant to section 1203 of the Penal Code. While it is, in general terms, the right of a defendant under this section to apply to the court for leave to file an application for probation, the granting or the refusing of the motion is a matter addressed to the sound discretion of the trial court. (*People* v. *Keylon,* 122 Cal. App. 408, 415 [10 Pac. (2d) 86].) Moreover, in view of the provision of said sec-

tion 1203 of the Penal Code expressly providing that a defendant, who has been convicted of robbery and who at the time of the robbery "was armed with a deadly weapon", shall not be granted probation, the granting of defendant's motion would have been but an idle act, and the trial court was justified in its action. For it must be remembered that robbery of the first degree,—the crime of which appellant was convicted,—is robbery "perpetrated by torture or by a person being armed with a dangerous or deadly weapon". (Pen. Code, sec. 211a.) Appellant, having actually joined in the commission of the crime, was a principal therein. (Pen. Code, sec. 31.) Taking the several sections together, it appears that appellant was a person "armed with a deadly weapon", within the meaning of those words as used in said sections of the Penal Code.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1933.