[Crim. No. 2562.   Second Appellate District, Division One.—August 24, 1934.]

THE PEOPLE, Respondent, v. WILLIAM H. LEWIS, Appellant.

476

Pace, Smith & Purdue for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General for Respondent.

HAHN, J., *pro tem.*— Defendant, after entering a plea of guilty to a charge of robbery and having the degree fixed by the court as robbery in the first degree, was permitted to file an application for probation. Upon the hearing of his petition, the court denied his application on the ground that under the provisions of section 1203 of the Penal Code, the court had no jurisdiction to grant him probation. Upon his appeal from the judgment, the only question raised is as to the correctness of the court's ruling, that it was without jurisdiction to grant defendant probation.

According to defendant's own story, he entered into an agreement with one Frank Cotton to assist him in robbing a tea room in Los Angeles City. Defendant had known Cotton for some time and knew him as one engaged in criminal activities. On the day of the robbery, defendant met Cotton and drove with him in a stolen car to the place where the robbery was committed. Arriving there, Cotton armed with a loaded revolver left the car and entered the tea room where, with the use of the revolver, he held up and robbed one Vera Brunner of $20. Defendant remained in the car from which he witnessed Cotton with a drawn revolver commit the robbery. When Cotton secured the money from his victim, he hurried out to the waiting car and was driven away by defendant. As they left, they were pursued by a police car, Cotton engaging in an exchange of shots with the officers as they sped away.

Section 1203 of the Penal Code, which authorizes the court to grant probation in certain cases and under certain conditions, contains this mandatory provision: "Provided, however, that probation shall not be granted to any defendant who shall have been convicted of robbery, . . . and who at the time of the perpetration of said crime . . . was armed with a deadly weapon . . . or who used or attempted to use a deadly weapon in connection with the perpetration of the crime of which he was convicted."

■ That appellant was in the eyes of the law guilty of robbery and in the same degree as Cotton, even though he was not himself armed with a deadly weapon, is too well established to permit of controversy. Discussing this question, the court in the case of *People* v. *Jones,* 114 Cal. App. 91, 93 [299 Pac. 559], makes the following declaration:

"The distinction between principals in the first and second degrees, in cases of felony, has been abrogated, and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid or abet its commission, may be prosecuted and punished as principals. The information in the present case contains sufficient allegations to charge the defendant (secs. 31 and 971, Pen. Code), and while he did not use the gun, appellant is properly prosecuted, tried and punished to the fullest extent for the acts of his accomplice which he aided and abetted; and whether the gun was used by him or by his accomplice would make no legal difference. (*People* v. *Yeager,* 194 Cal. 452, 460 [229 Pac. 40].)"

Under a state of facts somewhat similar to those here involved, the trial court in the case of *People* v. *Gillstarr,* 132 Cal. App. 267 [22 Pac. (2d) 549], refused to permit the defendant, after being found guilty of the crime of robbery which the jury fixed in the first degree, to file an application for probation, holding that under section 1203 of the Penal Code, the court had no jurisdiction to permit the filing of such a petition. This division of the Court of Appeal sustained the court's ruling, stating that, even though it be conceded that under the law the defendant had a right to file his application, inasmuch as the court had no right to grant it, the filing of the petition would have been an idle act.

In the instant case the court permitted the defendant to file his petition for probation, but denied his application. That under the undisputed facts in the case, the court was bound to fix the crime to which appellant plead guilty, as robbery in the first degree, cannot well be disputed. Upon such a finding and legal conclusion, it is clear that under section 1203 of the Penal Code, the court was without jurisdiction to grant appellant probation.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 13, 1934.