[Crim. No. 2990. Second Appellate District, Division One.—August 26, 1937.]

THE PEOPLE, Respondent, v. RAY KISER et al., Appellants.

Morris Lavine for Appellants.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

HOUSER, P. J.—Each of the defendants appeals from a judgment of conviction of the commission by him of each of the crimes of first-degree robbery and first-degree burglary.

On the trial of the action, the evidence clearly established the fact that the crimes of which the defendants were convicted were committed simultaneously, one with the other. Each of the defendants was positively identified as one who had actively participated in the commission of such criminal offenses, although but one of them either exhibited or used a "gun" in the commission thereof. The point urged by appellants that the evidence was insufficient to support the judgment is without merit.

With respect to the fact, as in substance was found by the jury, that the defendants were "armed with a deadly weapon, to wit, a revolver, capable of being concealed upon the person", etc., and that because of such finding, the defendants were liable to be, and in fact were, sentenced to the state prison to serve a term therein longer than that for which either of them would, or legally could, have been sentenced had such finding not been made, appellants urge the point that since assertedly it appears that the statute under the provisions of which such longer term was authorized to be imposed was not enacted until after the crimes were committed, such statutes were "*ex post facto*", and

consequently, that they were void and of no effect as far as either of the defendants was concerned. But with respect to punishment which legally may be imposed on one who theretofore has been convicted of the commission of a felony, an examination of the several pertinent sections of the Penal Code, as well as of the "Firearms Act" (Stats. 1923, p. 695), to which appellants refer, discloses the fact that on the date when the crimes were committed, subdivision 2 of section 1168 of the Penal Code, in part, provided that "for a person not previously convicted of a felony, but armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, five years"; and that at said time section 3 of the "Firearms Act" in part provided that " . . . upon conviction of such felony or of an attempt to commit such felony, he shall in addition to the punishment prescribed for the crime of which he has been convicted, be punishable by imprisonment in a state prison for not less than five nor more than ten years . . . " It is also noted that both of such provisions of said statutes were in effect at the time when the crimes herein were committed; and that the judgments that were rendered against the defendants were in full accord with the provisions of such statutes and with the so-called "indeterminate sentence law", in that in each of such judgments each of the defendants was sentenced to imprisonment in the state prison *"for the term prescribed by law"*. In other words, as far as either section 969c or 1158a of the Penal Code provides for the length of term of imprisonment that may be imposed upon a defendant who has been convicted of a felony that was committed by him at a time when he was "armed with a deadly weapon", neither of such sections, which appellants expressly designate and contend are *"ex post facto"*, has any effect upon the provisions of either section 1168 of the Penal Code or of the "Firearms Act" (Stats. 1923, p. 695). Besides, an examination of both section 969c and section 1158a reveals the fact that, as far as they may affect other existing statutes, each of such former statutes is devoted solely to matters of procedure. It follows that the point presented by appellants cannot be sustained.

For the reason that but one of the defendants was armed at the time when the several criminal offenses were committed by them, appellants urge that the one who was

not armed is not subject to the provisions of the several statutes which authorize the imposition of punishment greater than that where a convicted defendant was not armed at the time when the crime was committed. Both in principle and directly, the point heretofore has been ruled upon, and is well established contrary to appellants' suggestion in that regard. (*People* v. *Gillstarr,* 132 Cal. App. 267 [22 Pac. (2d) 549]; *People* v. *Lewis,* 140 Cal. App. 475 [35 Pac. (2d) 561]; *People* v. *Jones,* 114 Cal. App. 91 [299 Pac. 559], and authorities there respectively cited.)

█ Appellants contend that "the court invaded the province of the jury", in that at a time prior to that when the jury had agreed upon a verdict, but at a time when it had been returned into the courtroom, one of the jurors inquired of the trial judge whether it was "possible to find a verdict for one in a different degree of crime"; to which question the trial judge replied, "No, it is not. Under the circumstances it is the same degree as to both defendants."

With respect to the question thus presented, in substance, appellants argue that since it was the province of the jury to determine from the evidence whether either of the defendants was, or whether both of them were, guilty of either of the offenses of which they were charged, and if guilty, to fix the degree of guilt thereof, the language that was used by the trial judge was prejudicial to the rights of the defendants in that it had a tendency to deprive the jury of its proper function in the premises. But on examination of the situation, it becomes clear that in effect all the trial judge did was directly to answer the question that had been asked, and thereby orally to reiterate the law that already had been given to the jury in one of the court's written instructions. Regarding either the question of guilt of defendants, or if guilty, in what degree of guilt, as far as is disclosed by the record, there was not the slightest indication given by the trial judge to the jury as to its duty in the premises. Although it is possible, as suggested by appellants, that from the mere fact that a single member of the jury asked the question, "the (entire) jury viewed the situation differently as to one defendant than the other", as a matter of fact, the actual existence of such a condition could not be established, but such assumption necessarily would have to rest upon speculation or conjecture, and hence could not

properly form the basis for a ruling that because of such incident one of the defendants was adversely affected. It may be that in some instances a verdict may be influenced by the natural sympathy which a jury has for a defendant; but in the administration of justice, it is equally manifest that emotions should not be permitted to become an impelling force in reaching a conclusion on a question of fact. As far as the law is concerned, the jury is, or should be, governed entirely by the instructions which the court may give to it. And in the instant matter, even though the jury may have had the impression that because one of the defendants was not in the physical possession of a "gun", the verdict as to him should be different from that which should be returned as to the other defendant, nevertheless, the law is well established that in the commission of a felony by two or more persons, the possession and use of a "gun" by one of such persons constitutes a possession and use of the weapon by each of the others; and, as hereinbefore has been indicated, the jury was so instructed, not only in writing, but orally. In such circumstances, neither of the defendants has a just and legal right to complain.

The judgments are affirmed.

York, J., and Doran, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 23, 1937.