[Crim. No. 3179.  Second Appellate District, Division One.—May 17, 1939.]

THE PEOPLE, Respondent, v. GEORGE M. STEVENS et al., Defendants; WILLIAM SCHUFFERT, Appellant.

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

WHITE, J.—In an amended information filed by the district attorney, appellant, William Schuffert, and defendant George M. Stevens were jointly charged with two counts of robbery. Pursuant to the provisions of section 969c of the Penal Code, it was further alleged in the amended information that at the time of the commission of the respective offenses "said defendants were armed with a deadly weapon, to-wit, a pistol".

Defendant Stevens pleaded guilty to the charge of robbery as contained in count I and admitted that at the time of the commission of said offense he was armed with a deadly weapon. The court found the robbery to be of the first degree and imposed a penitentiary sentence.

Appellant Schuffert likewise pleaded guilty to the robbery charged in count I, which the court found to be robbery of the first degree, but denied that he was armed with a deadly weapon at the time of the commission of the offense. Count II was dismissed as to both defendants. Determination of the issue raised by appellant Schuffert's denial that he was armed at the time of the perpetration of the robbery was by appropriate waiver of jury submitted to the court, resulting in a finding "that defendant, William Schuffert, was armed with a deadly weapon at the time of the commission of the offense, to-wit, a pistol". From the judgment committing appellant Schuffert to San Quentin state prison this appeal is prosecuted.

No issue of fact is presented for our consideration, it having been stipulated that appellant, in company with his codefendant Stevens, committed the robbery charged, and that the only weapon used in perpetrating the offense was the single pistol which at all times was in the hands and possession of the defendant Stevens. A gun having been used by one of the principals in the robbery, appellant concedes the correctness of the court's finding that both actors in the crime were guilty of robbery of the first degree. (Pen. Code,

secs. 31 and 211a.) ▆ The sole question, therefore, presented to us involves an interpretation of certain provisions contained in section 969c of the Penal Code, enacted in 1935, reading as follows:

"Whenever a defendant is armed with a firearm or other weapon under such circumstances as to bring said defendant within the operation of subdivision 2 of section 1168 of the Penal Code relating to 'Certain Minimum Penalties' . . . , the fact that the defendant was so armed shall be charged in the indictment or information or complaint. This charge shall be added to and be a part of the count or each of the counts of the indictment or information or complaint which charge the offense at the time of the commission of which or at the time of the arrest for which the defendant was armed with a weapon. . . . If the defendant pleads not guilty of the offense charged in any count which alleges that the defendant was armed either at the time of his commission of the offense or at the time of his arrest, or both, the question whether or not he was armed as alleged must be tried by the court or jury which tries the issue upon the plea of not guilty. If the defendant pleads guilty of the offense charged the question whether or not he was armed as alleged must be determined by the court before pronouncing judgment."

Subdivision 2 of section 1168 of the Penal Code, which is referred to in the provisions of the section just quoted, reads:

"(2) Certain minimum penalties. The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence:

"(a) For a person not previously convicted of a felony, but armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, five years; . . . "

From the foregoing it is at once apparent that if appellant was in contemplation of law "armed" with a deadly weapon at the time he participated in the robbery, he was liable under the provisions of section 1168 of the Penal Code to a longer sentence than could have been imposed upon him if he was not "armed" with a deadly weapon. Appellant's claim is that the word "armed" as used in the statute is

personal to the individual which it describes, and that only those defendants who are personally equipped with and in possession and control of the weapon are ''armed'' therewith within the meaning of the law.

If no gun had been used at the time of the hold-up here in question, defendant would not be guilty of first degree robbery. It was the use of the gun by one of the principals that established the offense as first degree robbery. If the presence of the weapon in the hands of appellant's codefendant determined the degree of the robbery with which appellant was charged although the latter was not armed therewith, it would seem to follow that he should be punished for the crime of which he was convicted, to wit, robbery with a gun, because the purpose of the legislation with which we are here concerned was undoubtedly to deter criminals from using dangerous weapons in the commission of crime. When, therefore, two or more people associate themselves together for the purpose of robbery, thereby becoming principals, and when in furtherance of such plan and to consummate the crime, one of their number is armed with a dangerous weapon, all are concededly equally guilty, and therefore all should be punished in accordance with the statute which provides increased penalties for defendants who are armed at the time of the commission of the offense. Appellant, although not in actual physical possession of the weapon, was nevertheless aiding and abetting his armed accomplice who had the weapon, and therefore is properly accused, tried and *punished* for the acts of his accomplice. (*People* v. *Jones,* 114 Cal. App. 91 [299 Pac. 559].)

It is noteworthy that section 1203 of the Penal Code provides that probation shall not be granted to a defendant convicted of robbery when such defendant ''at the time of the perpetration of said crime . . . was armed with a deadly weapon'', and it has been decisively held that in view of the language just quoted a defendant, though not actually in possession of the weapon, is not eligible to probation if his accomplice in the crime is equipped with a deadly weapon. (*People* v. *Gillstarr,* 132 Cal. App. 267 [22 Pac. (2d) 549]; *People* v. *Lewis,* 140 Cal. App. 475 [35 Pac. (2d) 561].) When a defendant is situated as is this appellant, and not therefore entitled to receive probation because the ineligibility of his armed accomplice attaches to him by reason of his

activity and participation as a principal in a robbery accomplished with the aid of a deadly weapon, then his punishment also should be measured by the same rules that govern the penalty imposed upon his partner in the crime.

■ Statutes should be construed, whenever reasonably possible, with a view to carrying out the intent and purpose which actuated their adoption and to secure the objective sought to be achieved by the legislation in question. The laws here in question were designed for the protection of the community and its residents, and not the lawbreaker. They seek to discourage crimes committed with the use of deadly and dangerous weapons by providing additional penalties in cases where such weapons are used to outrage an individual in his personal or property rights. To attain the intended purpose it must be held, and we do so hold, that any defendant participating as a principal in a crime where a dangerous or deadly weapon is used is liable to the same penalties as are imposed upon the codefendant who actually possesses the weapon. If a murder ensues during a hold-up, it could not be contended that the unarmed bandit can be absolved because he did not fire the fatal shot. His participation as a principal and as an aider of the actual murderer makes him equally guilty and equally liable to the imposition of the extreme penalty; and for the same reasons it must be held that the participation of a defendant not actually in possession of the weapon by aiding and abetting the actual possessor in the unlawful use of the weapon makes the former equally liable with his armed confederate to the added penalty inflicted upon defendants who commit crimes through the use of dangerous and deadly weapons. To hold otherwise would to a marked degree nullify, impair and materially weaken the objects sought to be accomplished by this salutary legislation.

We have given careful consideration to the New York cases cited by appellant (*People* v. *Paradiso,* 248 N. Y. 123 [161 N. E. 443]; *People* v. *Kevlon,* 221 App. Div. 224 [222 N. Y. Supp. 311]; *People* v. *Donoto,* 142 Misc. 259 [255 N. Y. Supp. 58]; *People* v. *Hess,* 257 N. Y. Supp. 1069; *People* v. *Fortino,* 260 N. Y. Supp. 960), wherein the courts of that state hold that under statutes similar to ours the extra punishment provided is to be imposed only upon the one in actual and personal possession of the dangerous weapon. We are,

however, constrained to hold that the better reasoning and more correct conclusions are found in the cases decided by the appellate courts of our own state. (*People* v. *Jones, supra; People* v. *Lewis, supra; People* v. *Gillstarr, supra; People* v. *Kizer*, 22 Cal. App. 10 [133 Pac. 516, 521, 134 Pac. 346].)

From the foregoing, it follows that the finding of the trial court that appellant was armed with a deadly weapon at the time of the commission of the offense to which he pleaded guilty is supported by the evidence and in harmony with the law.

The purported appeal from the finding is dismissed, for the reason that the questions presented by it have been decided upon the appeal from the judgment.

For the foregoing reasons, the judgment is affirmed.

York, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1939.