[Crim. No. 5205. In Bank. Apr. 27, 1951.]

THE PEOPLE, Respondent, v. CHARLES DAVIS
PERKINS, Appellant.

Richard L. Rykoff for Appellant.

Fred N. Howser and Edmund G. Brown, Attorneys General,
and Elizabeth Miller, Deputy Attorney General, for Re-
spondent.

SCHAUER, J.—On this appeal from a judgment of con-
viction of first degree robbery defendant attacks the holding
of the trial court that a 1949 amendment of a provision of
section 1203 of the Penal Code did not change the meaning
of that section. Prior to such amendment the applicable por-
tion of the section required that "probation shall not be

granted to any defendant who shall have been convicted of robbery . . . and who at the time of the perpetration of said crime . . . was armed with a deadly weapon . . .'' It was settled case law that the section forbade the granting of probation to one who, although not personally armed with a deadly weapon, acted with a companion who was so armed. (*People* v. *Gillstarr* (1933), 132 Cal.App. 267 [22 P.2d 549]; *People* v. *Lewis* (1934), 140 Cal.App. 475, 477 [35 P.2d 561]; see *People* v. *Stevens* (1939), 32 Cal.App.2d 666, 669 [90 P.2d 595].) The material portion of the 1949 amendment added the word ''himself'' to the above quoted portion of section 1203, so that it now forbids probation to one convicted of robbery who ''was himself armed with a deadly weapon.'' We have concluded that this amendment was intended to and did change the rule of the above cited cases.

Defendant Perkins and two others were charged with robbery; the information further charged that ''at the time of the commission of said offense said defendants were armed with a deadly weapon, to wit, a pistol.'' Each defendant pleaded guilty, denied being armed, waived jury trial on the issue of being armed, asked for and was granted leave to apply for probation, and stipulated that the court could base its determination of the question whether defendants were armed upon the probation officer's report. This report showed that Perkins did not ''himself'' have possession of a deadly weapon at the time of the commission of the offense, but that his two codefendants used a Luger pistol which was passed from one to the other of them. Because of the fact that Perkins' codefendants used the gun in committing the robbery the trial court found that Perkins was guilty of robbery of the first degree and held that he was not eligible to probation.

 It is presumed that the Legislature knew of the judicial construction of its statute and that by amending the portion of the statute construed it intended to change the law. (*Anderson* v. *I. M. Jameson Corp.* (1936), 7 Cal.2d 60, 67 [59 P.2d 962]; *Prager* v. *Isreal* (1940), 15 Cal.2d 89, 94 [98 P.2d 729]; *In re Halcomb* (1942), 21 Cal.2d 126, 129 [130 P.2d 384]; *McFadden* v. *Jordan* (1948), 32 Cal.2d 330, 334 [196 P.2d 787]; *Lundquist* v. *Lundstrom* (1928), 94 Cal. App. 109, 112 [270 P. 696]; see, also, 1 Sutherland Statutory Construction (3d ed.), § 1930.) Ordinarily (and there is nothing to suggest that this is not an ordinary case) the Legislature uses words for some reason and intends them to

have some meaning. "The very fact that the prior act is amended demonstrates the intent to change the pre-existing law, and the presumption must be that it was intended to change the statute in all the particulars touching which we find a material change in the language of the act." (*United States* v. *Bashaw* (1892), 50 F. 749, 754, quoted with approval in *People* v. *Weitzel* (1927) 201 Cal. 116, 118 [225 P. 792, 52 A.L.R. 811], and in *Loew's Inc.* v. *Byram* (1938), 11 Cal.2d 746, 750 [82 P.2d 1] ; see, also, *People* v. *Valentine* (1946), 28 Cal.2d 121, 142 [169 P.2d 1] ; 23 Cal.Jur., Statutes, §§ 157, 158; 2 Sutherland, op. cit., §§ 4510, 4705.)

Our conclusion is strengthened by reference to the origin and legislative history of the 1949 amendment of section 1203 of the Penal Code. (See 23 Cal.Jur., Statutes, § 148; see, also, 2 Sutherland, op. cit., §§ 5003, 5010.) The amendment was recommended by a minority of the Special Crime Study Commission. Such minority opposed the majority recommendation that *all* restrictions on probation be abolished, and reported that "The fact that a defendant knows that he will be sent to a state prison, if he commits one of the more serious crimes and *is personally armed with a deadly weapon at the time*, . . . has a deterrent effect on those who deliberately plan and commit the most serious felonies, *and who are armed and would not hesitate to use a weapon should the occasion demand.*" (Final Report of the Special Crime Study Commission (1949), p. 120; italics defendant's.)

■ It should be noted that, as correctly held by the trial court, the fact that defendant Perkins was not "himself" armed with a "dangerous or deadly weapon" does not make him any the less, in a legal sense, guilty of robbery in the first degree, which is defined by section 211a[1] of the Penal Code. Perkins is guilty of first degree robbery, regardless of the precise acts which he committed personally, because he aided and abetted in its commission (Pen. Code, § 31[2]). Indeed it was by analogy to this rule, which makes all willful participants in a crime guilty as principals, that it was originally held that a defendant in the situation of Perkins could

---

[1]Penal Code, § 211a: "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree."

[2]Penal Code, § 31: "All persons concerned in the commission of a crime . . . whether they directly commit the act constituting the offense, or aid and abet in its commission, . . . are principals in any crime so committed."

not have probation (*People* v. *Gillstarr* (1933), *supra,* 132 Cal. App. 267, 269; *People* v. *Lewis* (1934), *supra,* 140 Cal.App. 475, 477) and was subject to the minimum sentence required of those armed with a deadly weapon (*People* v. *Stevens* (1939), *supra,* 32 Cal.App.2d 666, 669).

For the reasons above stated the judgment is reversed and the cause remanded to the trial court for further proceedings not inconsistent with the foregoing opinion and with the specific direction that it consider Perkins' application for probation on its merits.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.