[No. S029234. Oct. 28, 1993.]

In re CHRISTOPHER R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER R., Defendant and Appellant.

88

**COUNSEL**

Kerry C. Connor, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Keith I. Motley, M. Howard Wayne and David Delgado-Rucci, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MOSK, J.**—Pursuant to Welfare and Institutions Code section 602 (hereafter section 602), the People may petition the juvenile court in a delinquency proceeding to declare any minor a ward of the court with the allegation that he has committed virtually any criminal offense.

In accordance with Welfare and Institutions Code section 707 (hereafter sometimes section 707), the People may move the juvenile court to determine whether a minor who is alleged in a delinquency petition to have committed a criminal offense at 16 or 17 years of age is fit to be dealt with under the juvenile court law. (Welf. & Inst. Code, § 707, subds. (a), (c).) For offenses generally, the juvenile court is permitted to find unfitness in light of certain "fitness" criteria. (*Id.*, § 707, subd. (a).) But for offenses specified in subdivision (b), it is required to presume unfitness unless it concludes otherwise under each and every one of those same criteria. (*Id.*, § 707, subd. (c).) If it finds unfitness, prosecution in a court of criminal jurisdiction is authorized. (*Id.*, § 707.1, subd. (a).)

Welfare and Institutions Code section 1769 (hereafter section 1769) establishes the maximum period of control for a minor committed by the .

juvenile court to the California Youth Authority because of a criminal offense. Under subdivision (a), which applies to offenses generally, the period of control automatically extends for two years or until the minor's twenty-first birthday, whichever occurs later. But under subdivision (b), which applies to offenses specified in subdivision (b) of section 707, the period of control automatically extends for two years or until the minor's twenty-fifth birthday, whichever occurs later.

We granted review in this matter to construe subdivision (b)(3) of section 707, which specifies the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon." The question is whether the offense specified covers "vicarious" as well as "personal" arming. As we shall explain, we conclude that the answer is affirmative.

I

Pursuant to section 602, the People filed a delinquency petition in the juvenile court against Christopher R. (hereafter minor), who was 16 years of age or older at the time relevant here. As subsequently amended, the pleading was to the following effect.

In count I, the delinquency petition alleged that, on or about February 21, 1991, minor committed the felony of robbery in violation of Penal Code section 211. It also alleged that he "personally use[d] a firearm" in the commission of the offense within the meaning of the sentence enhancement established by subdivision (a) of Penal Code section 12022.5. It further alleged that he was "armed with a firearm" in the commission of the offense within the meaning of the sentence enhancement established by subdivision (a)(1) of Penal Code section 12022. The latter enhancement, by its very terms, "appl[ies] to any person who is a principal in the commission or attempted commission of a felony if one or more of the principals is armed with a firearm, *whether or not such person is personally armed with a firearm.*" (Italics added.)

In count II, the delinquency petition alleged that, on or about February 21, 1991, minor unlawfully drove or took a vehicle contrary to former section 10851 of the Vehicle Code (Stats. 1986, ch. 1214, § 1, pp. 4293-4294). It also alleged the personal-use-of-a-firearm and armed-with-a-firearm sentence enhancements.

In count III, the delinquency petition alleged that, on or about March 22, 1991, minor committed the felony of burglary in violation of Penal Code section 459. It also effectively alleged that the burglary was of an "inhabited

dwelling house" within the meaning of former subdivision 1 of Penal Code section 460 and, as a consequence, was of the first degree (Stats. 1989, ch. 357, § 3, pp. 1475-1476).

In the delinquency petition, the People effectively moved the juvenile court under section 707 to determine that minor was unfit to be dealt with under the juvenile court law. They claimed in substance that the felony of robbery *plus* the armed-with-a-firearm sentence enhancement, which were alleged in count I, amounted to the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" specified in subdivision (b)(3) of section 707. They also claimed in substance that the felony of robbery *plus* the personal-use-of-a-firearm sentence enhancement, which were alleged in count I, and the unlawful driving or taking of a vehicle *plus* the same enhancement, which were alleged in count II, each amounted to an "offense described in Section 12022.5 of the Penal Code," as specified in subdivision (b)(17) of section 707.

It was undisputed that minor committed the criminal offenses alleged in the delinquency petition with other persons. It was also undisputed that in the robbery alleged in count I minor was "vicariously" but not "personally" armed with a firearm, that is to say, he himself was not armed but at least one of his partners was.

The juvenile court impliedly concluded that the felony of robbery *plus* the armed-with-a-firearm sentence enhancement, which were alleged in count I of the delinquency petition, amounted to the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" specified in subdivision (b)(3) of section 707. As a result, it presumed that minor was unfit. But it then proceeded to conclude otherwise. As a consequence, it determined that minor was indeed fit.

Subsequently, the juvenile court declared minor a ward of the court. On minor's admission that he "along with . . . two other persons went to a night depository at [a] bank" and "aided and abetted an individual who robbed somebody at gunpoint," it found true the allegations in count I of the delinquency petition that minor committed robbery and was armed with a firearm, albeit only "vicariously." It determined that the foregoing amounted to the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" specified in subdivision (b)(3) of section 707. It dismissed all the other allegations in the delinquency petition.

The juvenile court committed minor to the California Youth Authority. It set the maximum term of confinement at seven years, six for the felony of

robbery and one for the armed-with-a-firearm sentence enhancement. It did so because it fixed the degree of the robbery at the first (Pen. Code, § 212.5, subd. (a)) rather than the second (*id.*, § 212.5, subd. .(b)), and imposed six years as the upper term for the former (*id.*, § 213, subd. (a)(1)) rather than five years as the upper term for the latter (*id.*, § 213, subd. (a)(2)). Under subdivision (b) of section 1769, the period of control by the California Youth Authority was permitted to extend to minor's 25th birthday because of his commission of a criminal offense specified in subdivision (b) of section 707.

The Court of Appeal affirmed. Among other things, it upheld the juvenile court's determination that minor's commission of robbery while armed with a firearm, albeit only "vicariously," amounted to the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" specified in subdivision (b)(3) of section 707.

## II

In setting out to construe "[r]obbery while armed with a dangerous or deadly weapon" specified in subdivision (b)(3) of section 707, we seek, of course, to discover the meaning of the provision. In other words, we aim to discern the Legislature's intent. Here, we do no more and no less than to follow the "fundamental rule of statutory interpretation" (*People* v. *Aston* (1985) 39 Cal.3d 481, 489 [216 Cal.Rptr. 771, 703 P.2d 111]; accord, e.g., *Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1095 [282 Cal.Rptr. 841, 811 P.2d 1025]), viz., "to ascertain and effectuate legislative intent" (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007 [239 Cal.Rptr. 656, 741 P.2d 154]; accord, e.g., *Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672]).

As stated above, section 707 provides in relevant part as follows. The juvenile court is authorized to determine whether a minor who is alleged in a delinquency petition to have committed a criminal offense at 16 or 17 years of age is fit to be dealt with under the juvenile court law. (Welf. & Inst. Code, § 707, subds. (a), (c).) For offenses generally, it is permitted to find unfitness in light of the "fitness" criteria. (*Id.*, § 707, subd. (a).) But for offenses specified in subdivision (b), it is required to presume unfitness unless it concludes otherwise under each and every one of those same criteria. (*Id.*, § 707, subd. (c).) Included among such offenses in subdivision (b)(3) is "[r]obbery while armed with a dangerous or deadly weapon."

What the Legislature did in specifying criminal offenses in subdivision (b) of section 707 may be simply stated. It merely referred to offenses that are

independently defined in the general criminal law. Thus, subdivision (b) of section 707 expressly points to section 602, and section 602 in turn expressly points to the "law of this state" and "of the United States" and to the "ordinance[s]" of this state's "cit[ies]" and "count[ies]."

For some of the criminal offenses specified in subdivision (b) of section 707, the Legislature made reference to offenses independently defined in the general criminal law by means of implication, as through quotation or paraphrase. As an illustration, in subdivision (b)(1), it identified the crime of "[m]urder," which is defined in Penal Code section 187, subdivision (a), as the "unlawful killing of a human being, or a fetus, with malice aforethought."

For the other criminal offenses specified in subdivision (b) of section 707, the Legislature made reference to offenses independently defined in the general criminal law in express terms, as through direct citation. As an example, in subdivision (b)(6), it indicated the crime of "[l]ewd or lascivious act as provided in subdivision (b) of Section 288 of the Penal Code."

■ The question here is this: By specifying the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" in subdivision (b)(3) of section 707, to what offense independently defined in the general criminal law did the Legislature refer?

It was in 1976 that the Legislature added subdivision (b), including subdivision (b)(3), to section 707. (Stats. 1976, ch. 1071, § 28.5, p. 4826.)

In 1976, former section 211a of the Penal Code stated: "All robbery which is perpetrated by torture *or by a person being armed with a dangerous or deadly weapon*, and the robbery of any person who is performing his duties as operator of any motor vehicle, streetcar, or trackless trolley used for the transportation of persons for hire, is robbery in the first degree. All other kinds of robbery are of the second degree." (Stats. 1961, ch. 1874, § 1, p. 3975, italics added.)[1] It covered "vicarious" as well as "personal" arming. (E.g., *People* v. *Floyd* (1970) 1 Cal.3d 694, 708 [83 Cal.Rptr. 608, 464 P.2d

[1]In 1976, not long after subdivision (b) was added to section 707, former section 211a of the Penal Code was amended to remove the language relating to robbery "which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon" and to delete the classification by degrees. (See Stats. 1976, ch. 1139, § 137.5, p. 5100, eff. Jan. 1, 1977, operative July 1, 1977 ["The robbery of any person who is performing his duties as operator of any motor vehicle, streetcar, or trackless trolley used for the transportation of persons for hire, is punishable by imprisonment in the state prison for three, four or five years."].) In 1978, it was amended in a way not relevant here. (Stats. 1978, ch. 579, § 6, pp. 1981-1982.) In 1986, it was repealed. (Stats. 1986, ch. 1428, § 1, p. 5123.)

64], disapproved on another point, *People* v. *Wheeler* (1978) 22 Cal.3d 258, 287, fn. 36 [148 Cal.Rptr. 890, 583 P.2d 748]; *People* v. *Perkins* (1951) 37 Cal.2d 62, 64 [230 P.2d 353]; see, e.g., *People* v. *Barclay* (1953) 40 Cal.2d 146, 155-156 [252 P.2d 321], disapproved on another point, *People* v. *Morse* (1964) 60 Cal.2d 631, 648-649 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810]; *People* v. *Wade* (1945) 71 Cal.App.2d 646, 651 [163 P.2d 59]; *People* v. *Wallace* (1939) 36 Cal.App.2d 1, 6 [97 P.2d 256]; *People* v. *Stevens* (1939) 32 Cal.App.2d 666, 667-668 [90 P.2d 595]; *People* v. *Jones* (1931) 114 Cal.App. 91, 93 [299 P. 559].)

In view of the foregoing, we answer the question stated above thus: By specifying the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" in subdivision (b)(3) of section 707, the Legislature referred to the felony described in former section 211a of the Penal Code.

We conclude therefrom that the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" specified in subdivision (b)(3) of section 707, which takes its definition from former section 211a of the Penal Code, requires: (1) robbery; (2) arming, either "personal" or "vicarious"; and (3) a dangerous or deadly weapon.

Guided by this conclusion in the case at bar, we believe that the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" specified in subdivision (b)(3) of section 707 embraces the felony described in Penal Code section 211 *plus* the sentence enhancement established by subdivision (a)(1) of Penal Code section 12022.

Penal Code section 211 states: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

Subdivision (a)(1) of Penal Code section 12022 provides a sentence enhancement, as noted, for "any person who is armed with a firearm in the commission or attempted commission of a felony," including "any person who is a principal in the commission or attempted commission of a felony if one or more of the principals is armed with a firearm, whether or not such person is personally armed with a firearm."

Thus, the felony described in Penal Code section 211 *plus* the sentence enhancement established by subdivision (a)(1) of Penal Code section 12022 meets the three requirements identified above. First, of course, there is robbery. (Pen. Code, § 211.) Second, there is arming, either "personal" or "vicarious." (*Id.*, § 12022, subd. (a)(1).) Third, there is a dangerous or

deadly weapon, to wit, a firearm. (*Ibid.*) When loaded, a "gun is unquestionably a dangerous and deadly weapon"; even when unloaded, it is at least a "dangerous weapon." (2 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Crimes Against Property, § 637, pp. 718, 719.)

In arguing that the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" specified in subdivision (b)(3) of section 707 covers only "personal" arming, minor sets out to construe the relevant language in accordance with, among other provisions, Penal Code section 12022 as it stood in 1976, when subdivision (b)(3) was added to section 707. In that year, Penal Code section 12022 provided a sentence enhancement for "[a]ny person who commits or attempts to commit any felony within this state while armed with any . . . deadly weapon[]" (Stats. 1968, ch. 1386, § 1, p. 2720)—"armed" having been construed to mean "personally armed" (e.g., *People* v. *Hicks* (1971) 4 Cal.3d 757, 766, fn. 4 [94 Cal.Rptr. 393, 484 P.2d 65]; *People* v. *Walker* (1976) 18 Cal.3d 232, 241 [133 Cal.Rptr. 520, 555 P.2d 306]; see Stats. 1976, ch. 1139, § 304, p. 5161 [amending Pen. Code, § 12022 to reach only the "person who commits or attempts to commit any felony within this state while *personally* armed with any deadly weapon" (italics added)], superseded before it became operative by Stats. 1977, ch. 165, § 91, p. 678 [amending Pen. Code, § 12022 to cover "vicarious" as well as "personal" arming], which became operative on the same date).

We reject minor's argument at the very threshold. It overlooks the crucial fact that, by specifying the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" in subdivision (b)(3) of section 707 among those that originally appeared in the provision in 1976, the Legislature referred to the felony described in former section 211a of the Penal Code and *not* to the sentence enhancement established by subdivision (a)(1) of Penal Code section 12022. A comparison of the language of the two provisions proves the point. "Robbery while armed with a dangerous or deadly weapon" under subdivision (b)(3) of section 707 is a close paraphrase of "robbery . . . perpetrated . . . by a person being armed with a dangerous or deadly weapon" under former section 211a of the Penal Code. It is not a paraphrase —close or otherwise—of "[a]ny person who commits or attempts to commit any felony within this state while armed with any . . . deadly weapon[]" under Penal Code section 12022 as it then stood. Indeed, it is patently different. For example, subdivision (b)(3) of section 707 speaks of "robbery" and "dangerous" weapons. Not so Penal Code section 12022.

Although we need not address particular aspects of minor's argument because of our conclusion above, we may properly comment on his reliance on two purported canons of statutory construction. One is that "if a statute is

intended to impose a derivative liability on some person other than the actor, there must be some legislative direction that it is to be applied to persons who do not themselves commit the proscribed act." (*People* v. *Walker, supra,* 18 Cal.3d at pp. 241-242.) The other is that any "ambiguity [in a statute] must be resolved in [the minor's] favor . . . ." (*People* v. *Davis* (1981) 29 Cal.3d 814, 832 [176 Cal.Rptr. 521, 633 P.2d 186].) By its very terms, however, subdivision (b)(3) of section 707 was not intended to impose liability, derivative or otherwise. Neither is it ambiguous. Notwithstanding minor's claim, it clearly covers "vicarious" as well as "personal" arming.

We may make one additional point in passing. The criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" specified in subdivision (b)(3) of section 707 may reasonably perform its function in the statutory scheme whether the arming is "personal" or "vicarious." Certainly, a minor's participation in an armed robbery may be deemed sufficient to raise the presumption of unfitness, when alleged, and to trigger the extended period of California Youth Authority control, when found, without regard to the precise character of such participation. Minor's assertion to the contrary is unpersuasive.

## III

For the reasons stated above, we conclude that the Court of Appeal did not err when it upheld the juvenile court's determination that minor's commission of robbery while armed with a firearm, albeit only "vicariously," amounted to the criminal offense of "[r]obbery while armed with a dangerous or deadly weapon" specified in subdivision (b)(3) of section 707.

Although not raised by either the People or minor and not considered by the Court of Appeal, the following matter appears on the face of the record.

As noted, the juvenile court fixed the degree of the robbery at the first rather than the second, and imposed six years as the upper term for the former rather than five years as the upper term for the latter. In doing so, it erred.

First degree robbery comprises "[e]very robbery of any person who is performing his or her duties as an operator of any bus, taxicab, cable car, streetcar, trackless trolley, or other vehicle, including a vehicle operated on stationary rails or on a track or rail suspended in the air, and used for the transportation of persons for hire, every robbery of any passenger which is perpetrated on any of these vehicles, and every robbery which is perpetrated in an inhabited dwelling house, a vessel, as defined in Section 21 of the

Harbors and Navigation Code, which is inhabited and designed for habitation, or a trailer coach, as defined in the Vehicle Code, which is inhabited, or the inhabited portion of any other building . . . ." (Pen. Code, § 212.5, subd. (a).) Second degree robbery includes "[a]ll kinds of robbery other than those listed" above. (*Id.*, § 212.5, subd. (b).)

It is apparent on the face of the record that the robbery committed by minor was of the second degree and not the first. Without question, it was indeed a robbery. But it was not of any of the kinds listed as robbery of the first degree. It necessarily follows that five years was authorized as the upper term and not six.

We conclude that, to the extent that it affirms the judgment of the juvenile court fixing the degree of the robbery at the first and imposing six years as the upper term therefor, the judgment of the Court of Appeal must be reversed with directions to modify the judgment of the juvenile court to fix the degree of the robbery at the second and impose five years as the upper term therefor. We conclude that, in all other particulars, the judgment of the Court of Appeal must be affirmed.

It is so ordered.

Lucas, C. J., Panelli, J., Kennard, J., Arabian, J., Baxter, J., and George, J., concurred.