[No. F036164. Fifth Dist. Jan. 18, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
BERNARDINO G. ALVAREZ, Defendant and Appellant.

## COUNSEL

William Davies, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Carlos A. Martinez and Mathew Chan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WISEMAN, J.**—Defendant pled no contest to assault and battery and was sentenced to a term of two years. On appeal, he contends the court erred in finding him statutorily ineligible for probation under Penal Code section 1203, subdivision (e)(2) because he did not personally use a deadly weapon. We agree, and remand for resentencing.

### PROCEDURAL HISTORY

Defendant and Javier Lopez were charged by criminal complaint with assault with a deadly weapon (count 1; Pen. Code[1], § 245, subd. (a)(1)) and battery with serious bodily injury (count 2; § 243, subd. (d)). The complaint further alleged on both counts that defendant and Lopez personally used a deadly and dangerous weapon (a knife) and personally inflicted great bodily injury within the meaning of sections 667 and 1192.7.

---

[1]All statutory references are to the Penal Code unless otherwise noted.

At the preliminary hearing, the court held defendant to answer on counts 1 and 2, but found insufficient evidence to hold him to answer on the enhancement allegations. In its ruling the court found "ample evidence" that Lopez used the knife on the alleged victim and defendant aided and abetted in the attack. Subsequently, defendant pled no contest to counts 1 and 2, on the condition he receive a prison sentence of no more than two years.

A probation report was filed stating defendant was ineligible for probation "except in unusual cases where the interest of justice would best be served if the person is granted probation." The probation officer identified defendant's lack of a prior record as an unusual circumstance, but went on to recommend against granting defendant probation because the attack was unprovoked and defendant represented a danger to the community.

At the sentencing hearing, the court denied defendant's request for probation, stating: "Defendant is statutorily ineligible for a grant of probation absent the unusual circumstances. The only unusual circumstance that the Court can find is that the defendant has no prior criminal history and that he may have at the time of the incident been suffering from a condition that . . . may have somewhat reduced his awareness of the totality of the circumstances and that's his alcohol consumption. But that does not excuse the conduct. This is a crime of violence. Although the defendant was not the one with the weapon, he was an active participant in the activities. It appeared to be an unprovoked attack. The Court finds that because of the significance of the unprovoked assault that he participated in that that outweighs the mitigating factor which would go toward a grant of probation and his request for a grant of probation is denied." The court then sentenced defendant to a total prison term of two years.

## FACTUAL HISTORY

German Bermudez was walking to the Taco Rio Lupita in Selma around 11:30 p.m., when he observed defendant and two other men outside the Cantina Tijuana, pulling on a telephone cord. Bermudez stopped to notify the bar's owner. As Bermudez turned to walk back to the Taco Rio, defendant attacked him, swinging a closed fist. The other two men then came around the corner. Lopez removed a knife from his pocket, opened it and attacked Bermudez. Lopez struck Bermudez first in the lower back and then in the right forearm. When police officers apprehended defendant, he was coming out of "Lapita's bar." Officers noted defendant was "swaggering and almost falling down."

## DISCUSSION

Defendant contends he is entitled to a new sentencing hearing because the court was under the erroneous impression he was statutorily

ineligible for probation. In support of his contention, defendant points out he is not one of the persons described in section 1203, because he did not personally use a deadly weapon in the commission of the present offenses.

As relevant, section 1203 provides:

"(e) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: [¶] . . . [¶]

"(2) Any person who used, or attempted to use, a deadly weapon upon a human being in connection with the perpetration of the crime of which he or she has been convicted."

While recognizing defendant did not personally use a deadly weapon, respondent argues section 1203, subdivision (e)(2) should be construed to apply vicariously to a defendant who aided and abetted someone who did. Respondent's position is based on the Legislature's failure to insert the word "personally" in the statute.

We are aware of no authority which addresses the issue raised in this case: whether section 1203, subdivision (e)(2) requires personal use of a deadly weapon. However, section 1203, subdivision (e)(1),[2] which also omits the word "personally," has been interpreted to apply only to direct personal conduct. (*People v. Manriquez* (1991) 235 Cal.App.3d 1614, 1618-1620 [1 Cal.Rptr.2d 600] (*Manriquez*).) The court's analysis in *Manriquez* is instructive.

In *Manriquez, supra,* 235 Cal.App.3d 1614, 1616, the defendant pled guilty to second degree murder and was sentenced to a term of 15 years to life after admitting she and an accomplice agreed to kill the victim, and the accomplice shot the victim with a .22-caliber gun. The probation report stated the defendant would be ineligible for probation under section 1203, subdivision (e)(1) unless there were unusual circumstances. (*Manriquez,* at p. 1617.) At the sentencing hearing, the trial court found the defendant was presumptively ineligible for probation based upon the statement in the probation report. (*Ibid.*) On appeal, the court concluded section 1203, subdivision (e)(1) did not apply because it was not the defendant, but her

---

[2]Section 1203, subdivision (e)(1) makes a person presumptively ineligible for probation in the following circumstances: "Unless the person had a lawful right to carry a deadly weapon, other than a firearm, at the time of the perpetration of the crime or his or her arrest, any person who has been convicted of arson, robbery, carjacking, burglary, burglary with explosives, rape with force or violence, torture, aggravated mayhem, murder, attempt to commit murder, trainwrecking, kidnapping, escape from the state prison, or a conspiracy to commit one or more of those crimes and who was armed with the weapon at either of those times."

accomplice, who was armed. (*Manriquez*, at p. 1620.) The court thus held that since the trial court based its conclusion to deny probation "in significant part upon an erroneous impression of the defendant's *legal* status, fundamental fairness requires that the defendant be afforded a new hearing . . . ." (*Ibid.*)

In reaching its conclusion that subdivision (e)(1) of section 1203 requires the defendant to be personally armed with a weapon, the court first examined the history of section 1203. (*Manriquez, supra,* 235 Cal.App.3d at p. 1618.) The court noted that prior to 1949, the language now contained in subdivision (e)(1) had been interpreted to apply if either the defendant or his accomplice was armed with a weapon. (*Manriquez,* at p. 1618.) In 1949, the Legislature amended the statute by inserting the word "himself," so the language stated a defendant was ineligible for probation if he " 'was *himself* armed with a deadly weapon.' " (*Ibid.*, italics added.) In *People v. Perkins* (1951) 37 Cal.2d 62, 63 [230 P.2d 353], the California Supreme Court applied traditional rules of statutory construction to infer from the amendment that the Legislature intended to change the prior law. *Perkins* held the language now applied only when a defendant was personally armed with a weapon. (*Manriquez, supra,* 235 Cal.App.3d at p. 1618.)

Section 1203 was amended again in 1971 to delete the word "himself." (*Manriquez, supra,* 235 Cal.App.3d at p. 1619.) The court observed under the court's statutory analysis in *Perkins* that the deletion could be construed as an indication the Legislature again intended to change the law. (*Ibid.*) However, it noted, "the presumptions regarding legislative intent should be utilized only in the absence of evidence regarding the Legislature's intent." (*Ibid.*) The court then took judicial notice of legislative materials which indicated the 1971 amendments were merely intended to make the statute easier to read, not to have substantive effect. (*Ibid.*) The court thus concluded, "we can infer that although the prior version had been interpreted as requiring the defendant personally to be armed with a weapon primarily, if not exclusively because of the addition of the word 'himself,' the Legislature did not intend to change the requirement of personal arming by deleting that word." (*Ibid.*)

The court went on to explain:

"We find further support for this conclusion in case law. In *People v. Walker* (1976) 18 Cal.3d 232 [133 Cal.Rptr. 520, 555 P.2d 306] [(*Walker*)] . . . the court held that '[g]*enerally, if a statute is intended to impose a derivative liability on some person other than the actor, there must be some legislative direction that it is to be applied to persons who do not themselves*

*commit the proscribed act.'* [Citation.] An example of legislative direction is found in section 12022, subdivision (a). This section imposes an enhancement if the defendant was 'armed with a firearm during the commission or attempted commission of a felony.' Although this section did not include the word 'himself' as did section 1203, subdivision (e)(1), it nonetheless had been interpreted to require the defendant to personally be armed with a firearm. [Citation.] Effective July 1, 1977, section 12022, subdivision (a) was amended to specify that '[t]his additional term shall apply to any person who is a principal in the commission or attempted commission of a felony if one or more of the principals is armed with a firearm, whether or not such person is personally armed with a firearm.' [Citation.]

"Here section 1203, subdivision (e)(1) does not contain any legislative direction that a defendant is presumptively ineligible for probation because an accomplice was armed with a weapon. Further the legislative materials clearly state that the Legislature, in making the 1971 amendments, did not intend to make any substantive changes by deleting the word 'himself.' Accordingly we conclude that since only defendant's accomplice was armed with a weapon at the time of the murder and defendant was not armed, she was not presumptively ineligible for probation." (*Manriquez, supra,* 235 Cal.App.3d at pp. 1619-1620, italics added.)

In *People v. Manners* (1986) 180 Cal.App.3d 826 [225 Cal.Rptr. 798], we took a similar approach in finding the probation-disqualifying provision of section 1203.066, former subdivision (a)(9)[3] applied to aiders and abettors, as well as to perpetrators. We invoked the *Walker* general rule and examined the statute for legislative direction that it be applied to aiders and abettors. (*People v. Manners, supra,* at pp. 830-833.) The legislative history of section 1203.066 was instructive. It revealed that the Legislature had set the types and terms of punishment under the statute to correspond with the level of psychological or physical harm to which a child was exposed in an attack of sexual abuse. The legislative history thus suggested the harm to the victim, not the defendant's status, dictated statutory ineligibility under section 1203.066. Based on the Legislature's express concern over the harm caused by the sexual abuse of children, we concluded the statute "must logically apply to aiders and abettors, as well as to perpetrators." (*People v. Manners, supra,* at p. 833.)

Applying these authorities, we find that section 1203, subdivision (e)(2) requires personal use of a deadly weapon. Like subdivision (e)(1), subdivision (e)(2) contains no legislative direction that a defendant is presumptively

---

[3]Section 1203.066 provided in relevant part: "(a) Notwithstanding Section 1203, probation shall not be granted to . . . . [¶] . . . [¶] (9) A person who occupies a position of special trust and commits an act of substantial sexual conduct. . . ."

disqualified from probation because he or she aided an accomplice's use of a weapon. In contrast to *Manners*, the legislative history of section 1203 does not disclose an intent to include aiders and abettors. Instead, respondent urges us to infer this intent from the fact the Legislature has never amended the language now contained in subdivision (e)(2) to insert words such as "personally" or "himself" as it has done when amending other parts of section 1203.

The problem with respondent's analysis is that it fails to address the *Walker* general rule cited in *Manners* and *Manriquez*. Respondent's interpretation of subdivision (e)(2) is based on speculation regarding what the Legislature intended in 1949, when it added modifying language to certain provisions of section 1203 but not to the language at issue here. However, under *Walker*, to find the statute has vicarious application, there must be an express legislative direction to that effect. Here there is none. Finally, we rejected an analogous argument in *People v. Rener* (1994) 24 Cal.App.4th 258, 267 [29 Cal.Rptr.2d 392]: "Respondent argues the Legislature's failure to insert the word 'personally' as it has done when amending other sections means it did not intend to limit liability to direct personal conduct. However, the obverse argument is at least as strong—i.e., the Legislature's failure to insert the word 'personally' means the Legislature believes its use of the words 'any person' sufficiently communicates its intent to impose only direct liability, especially given the number of cases which state these words imply direct liability and not vicarious liability. [Citations.]"

In conclusion, since we find no Legislative direction to the contrary, we interpret the "[a]ny person who used, or attempted to use, a deadly weapon" language in section 1203, subdivision (e)(2) as limiting application to personal use of a deadly weapon. Because defendant did not violate sections 245, subdivision (a)(1) and 243, subdivision (d) by personally using a deadly weapon, the court sentenced him under the mistaken impression he was presumptively ineligible for probation under section 1203. Accordingly, we reverse and remand for resentencing. (*People v. Ruiz* (1975) 14 Cal.3d 163, 168 [120 Cal.Rptr. 872, 534 P.2d 712].)

DISPOSITION

The judgment is reversed and remanded for resentencing.

Dibiaso, Acting P. J., and Cornell, J., concurred.