Filed 11/4/15  P. v. Triplett CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> ANGEL TRIPLETT, <br><br>     Defendant and Appellant. | B259575 <br><br> (Los Angeles County <br> Super. Ct. No. KA104121) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Affirmed.

Lori Nakaoka, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and David Zarmi, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

We affirm defendant Angel Triplett's convictions for second degree robbery, attempted second degree robbery, and possession of metal knuckles. His challenge to the sufficiency of the evidence and his argument that the trial court abused its discretion in denying him probation lack merit.

## FACTS AND PROCEDURE

We summarize the evidence in accordance with the appropriate standard of review, considering the evidence in the light favorable to the People. (*People v. Gonzalez* (2005) 126 Cal.App.4th 1539, 1543.) We further "presume the existence of every fact the trier could reasonably deduce from the evidence that supports the judgment." (*Ibid.*)

Defendant and three friends (Eugene Nierras, Christian Pinales, and Mario Sanchez) watched victims Sarah Hays and Jaime Corado at a public park. As Hays and Corado were leaving the park, the four men surrounded Hays and Corado. Along with his confederates, defendant ordered Hays and Corado to empty their pockets.[1] Hays was terrified. When Corado refused to empty his pockets, Nierras asked for brass knuckles, which were handed to him by one of the four men, not defendant. One of defendant's confederates took Hays's cell phone and wallet, which were in her back pocket.

The four men then ran away together. Defendant first hid under a trailer. Defendant and Nierras then walked to Nierras's car. Defendant was found in the passenger seat of Nierras's car, and the brass knuckles were found in the car between the passenger seat and the console. Police officers eventually returned Hays's property to her.

Defendant did not testify, and no witness testified for the defense.

---

[1] Corado testified that defendant was one of the people who ordered them to empty their pockets. Hays testified that he was not. We interpret the evidence in the light most favorable to the verdict.

Defendant was convicted of second degree robbery, attempted second degree robbery, and possession of metal knuckles.

The court denied probation and sentenced defendant to the low term for robbery—a two-year prison term. The court sentenced defendant to concurrent terms for the attempted robbery and possession of metal knuckles. At defendant's request, the court recommended fire camp.

## DISCUSSION

### 1. There Was Sufficient Evidence to Support the Conviction for Possession of Metal Knuckles

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The federal standard of review is to the same effect: Under principles of federal due process, review for sufficiency of evidence entails not the determination whether the reviewing court itself believes the evidence at trial establishes guilt beyond a reasonable doubt, but, instead, whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.) " ' " " 'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment.' " ' " ' " (*Ibid.*)

Defendant recognizes that possession of the metal knuckles may be actual or constructive. Constructive possession occurs when a defendant has control or the right to control the item in the actual possession of another. (*People v. Morante* (1999) 20 Cal.4th 403, 417.) Possession may be imputed if an item is "subject to the joint dominion and control of the accused and another." (*People v. Francis* (1969) 71 Cal.2d 66, 71.) Consistent with these principles, jurors were instructed that "[a]

3

person does not have to actually hold or touch something to possess it. It is enough if the person has control over it or the right to control it, either personally or through another person."

Substantial evidence supported the conclusion that defendant constructively possessed the metal knuckles. Defendant saw Nierras wearing the metal knuckles during the robbery. He knew that they were passed from someone else to Nierras, indicating that they were shared among defendant's confederates. Knowing that Nierras had the metal knuckles, defendant fled with him, hid with him, and then entered the vehicle with him. The metal knuckles were found right next to defendant, in a place easily accessible to him and therefore easily within his control. A reasonable juror could have concluded that the metal knuckles were within defendant's dominion and control and therefore in his possession.

*In re Anthony J.* (2004) 117 Cal.App.4th 718 does not compel a different result. In that case, the court considered whether the minor Anthony had constructive possession of a stolen vehicle. It found the record lacked sufficient evidence because "[t]here were no facts showing that Anthony J. and the driver [of the stolen vehicle] were friends, that they had engaged in criminal activity together in the past, that he was a passenger shortly after the vehicle was stolen, or that Anthony J. and the driver jointly used the vehicle to commit crimes." (*Id.* at p. 729.) In contrast, here defendant and Nierras engaged in criminal activity together, planned the robbery together, robbed the victims together during which Nierras used metal knuckles. (See *People v. Land* (1994) 30 Cal.App.4th 220, 228 [defendant had constructive possession of a stolen vehicle that he knew was stolen and that was used in joint criminal enterprise].) Here, defendant was not ignorant of the criminal conduct.

## 2. *No Abuse of Discretion in Denying Probation*

As we shall explain, defendant's argument that the trial court abused its discretion in denying him probation lacks merit.

4

*a. Additional Background*

As noted, the court sentenced defendant to a two-year prison term for robbery, with concurrent terms for the remaining counts. The court stated "unless there's unusual circumstances, it's presumptive state prison. Probation is not indicated unless the defense can establish unusual circumstance." The court indicated that it was inclined to impose a greater sentence, but decided to defer to the prosecutor who had requested the two-year term. The court explained its reasons for finding probation presumptively inappropriate: there were multiple victims "accosted by the group of young men and ultimately threatened with brass knuckles and had property taken from one of them. [W]e have the use of a weapon, although not used by him, but a weapon during the incident and I think a well-coordinated attack. . . . That is not something where one individual just happens to be somewhere in the wrong place at the wrong time, but that it is a coordinated group robbery of two people in the park in the evening. [¶] Also, Mr. Triplett, you have a prior record. It's only juvenile, but this is not your first conviction. You have a vandalism in 2011 [and] a sustained petition for possessing a weapon on school grounds." The court noted that although defendant had previously received probation for his juvenile offenses, he did not learn from that experience and committed the crimes in this case.

As mitigating factors, the court stated that defendant was young, and the victims were not injured. The court stated that defendant was not a "major participant" but then explained that this was "[a] coordinated attack, his role was instrumental and he has a significant prior juvenile record." The trial court rejected defendant's counsel's characterization of defendant as a minor participant explaining: "I don't see him simply as somebody standing around. His conduct was just not standing there. His conduct was being part of that group, staying with that group . . . surrounding [the victims], fleeing together after obtaining property from the one victim."

The court also indicated that it considered the statements made by others on defendant's behalf. In addition to written letters, at the sentencing hearing,

defendant's sister claimed that defendant made a "dumb mistake" and did not consider the consequences. According to her, he now understands it would have been better to walk away, and he has been trying to better himself and has contributed financially to the family. Defendant's mentor indicated that this case was defendant's "wake-up call" and that he would continue to do the right thing. Another mentor indicated that defendant was going to school every day and his grades were improving and that he found a job even though he did not have a ride. Defendant stated that ". . . I made a really dumb mistake that day and not going the other way. It wasn't my plan to do any of this, but I understand and I accept the fact that I was there. And that I did—I did run with them and—you know—I'm here now and I just want to say whatever you give me—whatever it is, thank you. Because this has been a real wake-up call an I'll still continue in school and do what I can to have a better future."

*b. Analysis*

"[P]robation is 'an act of leniency, not a matter of right.' [Citation.] The decision to grant or deny probation requires consideration of all the facts and circumstances of the case." (*People v. Birmingham* (1990) 217 Cal.App.3d 180, 185.) "'A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner.'" (*People v. Downey* (2000) 82 Cal.App.4th 899, 909.) "The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary." (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831.) "'"'In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'"'" (*People v. Stuart* (2007) 156 Cal.App.4th 165, 179.)

Defendant has not shown the court acted in an arbitrary or capricious manner. California Rules of Court, rule 4.414 explains that, in assessing whether probation is warranted, the court should consider the facts relating to the crime as well as facts

relating to the defendant, both of which the court considered in this case.[2]  This case involved a robbery, which is a violent felony (Pen. Code, § 667.5, subd. (c)(9)) regardless of whether the victim escapes unharmed.  As the court noted it included multiple victims and was coordinated by defendant and his friends who surrounded the victims.  Further, the court considered defendant's individualized history including the findings that as a juvenile he committed vandalism and possessing a weapon in school.  The court further noted that defendant had been sentenced to probation at that time and did not learn from serving probation for his juvenile offenses because he continued to commit the crimes described in this case.  As the trial court noted, defendant's juvenile offenses were not violent, but the fact that he was not a first time offender was relevant to the court's denial of probation.  Although defendant describes himself as a minor participant, the trial court rejected his characterization, and it is not supported by the evidence that he surrounded the victims and ordered them to empty their pockets.

Finally, defendant's argument that the court misunderstood the scope of its discretion because it found that he was presumptively ineligible for probation is not persuasive.[3]  First, arguably it is forfeited because defendant did not raise it in the trial court.  Second, "[i]solated or ambiguous remarks by the trial court do not overcome th[e] presumption" that the court based the sentence on legitimate objectives.  (*People v. Superior Court* (*Du), supra*, 5 Cal.App.4th at p. 835.)  Here, defendant does not show the court relied on improper considerations.  (See *ibid*.)  Third, the record shows

---

[2]    Although the court did not expressly refer to California Rules of Court, rule 4.414, it is clear from the record that it considered the criteria in the rule.  (See *People v. Superior Court* (*Du*), *supra*, 5 Cal.App.4th at p. 834.)

[3]    Defendant was not presumptively ineligible for probation under section 1203, subdivision (e)(2).  (*People v. Alvarez* (2002) 95 Cal.App.4th 403, 408-409.)  Although that statute was referenced in the probation report, the report concluded that defendant was eligible for probation.  The report stated:  "it is recommended that the defendant be placed on a formal gant [*sic*] of probation."  In contrast to *Alvarez* where the court ordered resentencing, here the record does not support the conclusion that "the court sentenced [defendant] under the mistaken impression he was presumptively ineligible for probation under section 1203."  (*Alvarez, supra*, at p. 409.)

7

the court was not inclined to grant probation, but instead intended to impose a higher sentence prior to hearing counsel's arguments. Defendant benefited from the court's decision to sentence him to only the low term for robbery with concurrent sentences for the remaining terms. Further the court granted defendant's request that it recommend fire camp. Thus, even if the court erred in finding defendant was presumptively ineligible for probation, defendant fails to demonstrate he suffered any prejudice because the record is clear that the court believed a prison sentence was appropriate in this case.

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.

GRIMES, J.