Filed 3/24/16  P. v. Jimenez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068128 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE344676) |
| PABLO JIMENEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia Cookson, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Collette Cavalier and Britton Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Pablo Jimenez of battery (Pen. Code, § 242,[1] count one) and of assault with a deadly weapon (§ 245, subd. (a)(1), count two). The jury found true that Jimenez personally used a deadly weapon (§ 1192.7, subd. (c)(23)) and personally inflicted great bodily injury (§§ 1192.7, subd. (c)(8), 12022.7, subd. (a), (the GBI enhancement)) in connection with count two. The court sentenced Jimenez to a three-year term on count two, and a consecutive three-year term for the GBI enhancement, and imposed a term on count one that it stayed under section 654. The court suspended execution of the sentence and placed Jimenez on three years of formal probation. On appeal, Jimenez claims the evidence is insufficient to support the true finding on the GBI enhancement, and there was instructional error.

I

FACTS

On October 2, 2014, Jimenez and the victim, Danielle Greene, were outside her home when they became embroiled in an argument. Greene told Jimenez to leave and, when he refused, she grabbed a stick and began waving it at him to intimidate him. Jimenez responded by pulling a knife and approaching Greene. She grabbed an aluminum baseball bat to defend herself, and Jimenez broke off a white picket from a fence and had weapons in both hands. However, Jimenez then said "fuck this shit," dropped the picket, and took an unopened 12-ounce beer can from his pocket and threw it at her head "[l]ike a major league baseball pitcher."

---

1      All further statutory references are to the Penal Code unless otherwise specified.

Jimenez was five to eight feet from Greene when he threw the can. The can struck Green in the temple, close to the corner of her right eye, with such force that the can crimped to the top lip of the can and caused it to burst open and empty its contents. Greene momentarily blacked out, but she regained consciousness while still standing. The impact caused a gash near her right eye. The laceration was one to two inches long, and required medical treatment consisting of liquid stitches inside the wound, irrigation of the wound, pinching it shut and placing liquid stitches on the outside of the wound, and then using butterfly bandages to support the liquid stitches. At the time of trial, she still had a visible scar near her right eye that was "not going to go away."

II

ANALYSIS

A. Substantial Evidence Supports the True Finding on the GBI Enhancement

Jimenez first argues the evidence was insufficient to support the true finding on the GBI enhancement because there was no evidence that the physical injury Greene suffered was anything beyond merely a transitory, short-lived injury that was cured with minor medical treatment.

For purposes of the GBI enhancement, great bodily injury is defined as "a significant or substantial physical injury." (§ 12022.7, subd. (f); see *People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1066 ["[g]reat bodily injury is bodily injury which is significant or substantial, not insignificant, trivial or moderate"].) "Proof that a victim's bodily injury is 'great'—that is, significant or substantial within the meaning of section 12022.7—is commonly established by evidence of the severity of the victim's physical

3

injury, the resulting pain, or the medical care required to treat or repair the injury." (*People v. Cross* (2008) 45 Cal.4th 58, 66 (*Cross*).) However, a victim need not suffer " 'permanent,' 'prolonged' or 'protracted' disfigurement, impairment, or loss of bodily function." (*People v. Escobar* (1992) 3 Cal.4th 740, 750.) Instead, "some physical pain or damage, such as lacerations, bruises, or abrasions is sufficient for a finding of 'great bodily injury.' " (*People v. Washington* (2012) 210 Cal.App.4th 1042, 1047.) Thus, an injury causing only short-lived pain and no permanent injury can support a finding of great bodily injury. (See, e.g., *People v. Wolcott* (1983) 34 Cal.3d 92, 107 [bullet fragments cut into victim's arms and legs; victim lost little blood, was given no sutures, was released after treatment and returned to work the next day]; *People v. Lopez* (1986) 176 Cal.App.3d 460, 463-464 [bullets hit one victim in buttocks and another in the thigh; no evidence that wounds were more than superficial or that the victims suffered more than initial distress].)

"It is well settled that the determination of great bodily injury is essentially a question of fact, not of law. ' "Whether the harm resulting to the victim . . . constitutes great bodily injury is a question of fact for the jury. [Citation.] If there is sufficient evidence to sustain the jury's finding of great bodily injury, we are bound to accept it, even though the circumstances might reasonably be reconciled with a contrary finding." ' " (*People v. Escobar, supra,* 3 Cal.4th at p. 750.) Jurors "look at the nature and extent of the injury sustained and decide whether it rises to a level they consider significant or substantial. [¶] . . . [T]he jury performs a measuring function, deciding whether the victim suffered that quantum of injury legally defined as great bodily injury.

4

To make this determination, the entire course of conduct and its overall result—not each act and individual injury—must be examined." (*People v Robbins* (1989) 209 Cal.App.3d 261, 265.) " ' "A fine line can divide an injury from being significant or substantial from an injury that does not quite meet the description." ' [(Quoting *Escobar*, at p. 752); citations.] Where to draw that line is for the jury to decide." (*Cross, supra,* 45 Cal.4th at p. 64.)

Substantial evidence supported the jury's determination that Jimenez inflicted great bodily injury. Greene testified that, when the can struck her head, she momentarily blacked out, she suffered a gash of between one to two inches that required medical attention and stitches, and the scar was still visible months later. Additionally, the jury saw photographs of the injury, which it was entitled to consider in "draw[ing] that line." (*Cross, supra,* 45 Cal.4th at p. 64.) Although Jimenez complains there was no expert testimony Greene suffered a concussion, and no medical testimony on the severity of the injury or the duration or nature of its consequences, the jury was entitled to credit Greene's testimony in reaching its conclusion that she had suffered a concussion and did have permanent scarring. (Cf. *People v. Barnwell* (2007) 41 Cal.4th 1038, 1052 [when assessing a challenge asserting no substantial evidence, "[e]ven when there is a significant amount of countervailing evidence, the testimony of a single witness that satisfies the standard is sufficient to uphold the finding"].) We conclude substantial evidence supports the true finding on the GBI enhancement.

B. The Court Adequately Instructed the Jury on Great Bodily Injury and Serious Bodily Injury

Jimenez next argues the court's instructions on serious bodily injury and great bodily injury were prejudicially erroneous because, under the court's instructions, the jury could have been misled into believing great bodily injury was "easier to prove" than serious bodily injury. Jimenez asserts that a true finding on great bodily injury carries "far more drastic penal consequences" than battery with serious bodily injury, and therefore it should not be easier to prove great bodily injury.

*Background*

Jimenez was charged in count one with battery with serious bodily injury (§ 243, subd. (d)) and in count two with assault with a deadly weapon with the special allegation that he personally inflicted great bodily injury (§§ 245, subd. (a)(1), 1192.7, subd. (c)(8), 12022.7, subd. (a)) in connection with count two. The court gave instructions on both serious bodily injury as defined by section 243, subdivision (f)(4), and on great bodily injury as required by the enhancement. Jimenez did not object or request clarifying instructions.[2]

The jury found true the GBI enhancement appended to count two. However, the jury did not find Jimenez guilty of battery with serious bodily injury, but instead returned a guilty verdict on the lesser included offense of battery.

_____

[2] To the contrary, the prosecutor apparently submitted a proposed jury instruction clarifying that serious bodily injury and great bodily injury are "essentially equivalent," and defense counsel objected to that instruction. The court sustained the defense's objection to the proposed instruction.

*Analysis*

A trial court has a sua sponte duty to instruct on general principles applicable to the issues raised by the evidence and necessary for the jury's understanding of the case. (*People v. Lawson* (2013) 215 Cal.App.4th 108, 117.)  Jimenez does not suggest the instructions actually given on either serious bodily injury as defined by section 243, subdivision (f)(4), or on great bodily injury as required by the enhancement were incorrect statements of those general principles.  Instead, he argues there should have been some instruction, not submitted below and remaining undefined even on appeal, that would "clarify" their particular applications to avoid having the jury believe great bodily injury was easier to prove than serious bodily injury.

However, "[t]his claim is not cognizable.  It is merely a claim that an instruction that is otherwise correct on the law should have been modified to make it clearer.  'A party may not argue on appeal that an instruction correct in law was too general or incomplete, and thus needed clarification, without first requesting such clarification at trial.'  [(Quoting *People v. Hillhouse* (2002) 27 Cal.4th 469, 503.)]  If defendant had been concerned the jury might draw some invidious inference from the fact that the various instructions did not track each other completely, he should have requested a clarification. He did not do so." (*People v. Livingston* (2012) 53 Cal.4th 1145, 1165; accord, *People v. Maury* (2003) 30 Cal.4th 342, 426 [a defendant is "required to request an additional or clarifying instruction if he believed that the instruction was incomplete or needed elaboration"].)  We conclude Jimenez's not requesting some undefined clarifying instruction forfeits any claim of instructional error.

7

Moreover, even had the claim not been forfeited, Jimenez's argument lacks merit. The argument appears to be that, because serious bodily injury contains a nonexhaustive list of statutorily-identified qualifying injuries and great bodily injury does not (*People v. Taylor* (2004) 118 Cal.App.4th 11, 24), the jury might believe great bodily injury is easier to prove than serious bodily injury. However, Jimenez argues because the Legislature imposed "far more drastic" penal consequences for great bodily injury than the penal consequences imposed for battery with serious bodily injury, "[i]t is highly unlikely that the Legislature intended for great bodily injury to be easier to prove than serious bodily injury . . . ." We reject his argument because neither his predicates nor his reasoning withstand scrutiny.

First, we cannot agree with Jimenez's predicate that a true finding on the GBI enhancement *necessarily* carries far more penal sanctions than the penal consequences imposed for battery with serious bodily injury. For example, a true finding on the GBI enhancement carries a maximum additional term of *three* years (§ 12022.7, subd. (a)); a battery *with* serious bodily injury carries a maximum additional term of *three and one-half* years more than a battery without serious bodily injury (compare § 243, subd. (a) [battery alone is six months] with § 243, subd. (d) [battery *with* serious bodily injury carries term of up to four years].) Moreover, even assuming the legislative scheme *does* contemplate harsher penal consequences for a GBI enhancement than for a conviction for battery with serious bodily injury, it does not necessarily follow the Legislature was unlikely to have intended such a result. The Legislature could well determine harsher penalties are appropriate for the GBI enhancement than for a conviction under section

8

243, subdivision (d), because a person can only be assessed the additional punishment for the former if they carry the added culpability of having *personally* inflicted the great bodily injury, while it appears a person could be convicted of battery with serious bodily injury *without* having the additional culpability of being the direct perpetrator of the injury. (Cf. *People v. Alvarez* (2002) 95 Cal.App.4th 403 [defendant pleaded guilty to assault with a deadly weapon and battery with serious bodily injury as an aider and abettor of the direct attacker; held, trial court erred in finding defendant was statutorily ineligible for probation under section 1203, subdivision (e)(2), because that statute applied only to person who personally used the deadly weapon]); *People v. Chagolla* (1983) 144 Cal.App.3d 422 [aider and abettor convicted of assault with a deadly weapon without being shooter].) We reject Jimenez's claim of instructional error, both on forfeiture grounds and on its merits.

## DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

IRION, J.

9