Filed 12/31/24  P. v. Williams-Hull CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099934 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20210009839) |
| v. | |
| GYNNA WILLIAMS-HULL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Gynna Williams-Hull asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will remand the matter for the trial court to calculate and award presentence custody credit and otherwise affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2021, when defendant was 19 years old, she drove a companion to the victim's location, so the companion could shoot the victim multiple times and kill him.

1

Defendant then drove the actual killer away from the scene to avoid arrest. Defendant was a direct aider and abettor and shared the actual killer's intent to kill the victim.

Defendant was charged with murder. (Pen. Code,[1] § 187.) It was further alleged that, during the commission of the crime, a principal was armed with a firearm. (§ 12022, subd. (a)(1).)

In June 2022, defendant pleaded guilty to second degree murder. As part of the plea, the trial court dismissed (1) the firearm enhancement and (2) a separate criminal case pending against defendant that is not at issue in this appeal.

The September 2022 probation report noted defendant had no prior criminal record. It also stated that defendant was ineligible for probation due to the murder charge and recommended denying probation. The report further explained defendant was presumptively ineligible for probation pursuant to section 1203, subdivision (e)(2) (a person who used or attempted to use a deadly weapon upon a human being in connection with the current crime); (e)(3) (a person who willfully inflicted great bodily injury or torture in the commission of the current crime). The report then stated: "This officer considered California Rule of Court 4.413. The defendant is ineligible for probation." The report also attached multiple character reference letters for defendant.

In her November 2023 sentencing brief, defendant asked the trial court to place her on probation, arguing there were no circumstances rendering her ineligible for probation. Defendant further argued there were multiple mitigating circumstances, including: (1) she was not personally armed with a weapon during the crime (2) she had not used a weapon during the crime, (3) she did not personally inflict physical or emotional harm to the victim, (4) she did not demonstrate criminal sophistication or professionalism, (5) she played a less aggressive role than the codefendant, (6) she had no

---

[1] Undesignated statutory references are to the Penal Code.

prior criminal record, (7) she was willing to comply with probation, (8) she was young when she committed the crime, (9) the sentence would have "grave collateral consequences" on her life, (10) she was remorseful, and (11) she had testified against the codefendant. (Cal. Rules of Court,[2] Rule 4.414.) For purposes of preserving a record for any future parole hearing, defendant further argued she "suffered a seriously deprived childhood," which led to mental health and substance abuse issues.

During the sentencing hearing later that month, the trial court confirmed it had read defendant's sentencing brief. Defendant again asked the court to order probation. She also reminded the court that, despite what the probation report said, she was eligible for probation. In addition, she described multiple mitigating circumstances, including that she had taken steps to better herself while incarcerated.

The trial court denied probation stating, "[t]his is clearly not a probation case." The court noted it had considered the probation report and the numerous letters submitted on defendant's behalf. The court observed that there are "lots of people" who have rough childhoods, "but they don't commit murder and you did."

The court then sentenced defendant to state prison for 15 years to life. (§ 187, subd. (a).) The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment fee (Gov. Code, § 70373), and $13,316.35 in victim restitution ($5,816.35 for one victim plus $7,500 for the California Victim Compensation Board) (§ 1202.4, subd. (f)). The court stated defendant was ineligible for presentence custody credit because of the murder conviction. The court denied defendant's request to delay remanding her to the custody of the Department of Corrections and Rehabilitation.

---

[2] Undesignated rule references are to the California Rules of Court.

Defendant obtained a certificate of probable cause on appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

### 1. Custody Credits

We turn first to the issue of custody credits. A defendant is entitled to credit against his or her sentence for all actual days of presentence custody. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30; §§ 2900, subd. (c), 2900.1, 2900.5, subd. (a).) "Calculation of custody credit begins on the day of arrest and continues through the day of sentencing." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.) Ordinarily, a defendant may also earn conduct credit for work and good conduct during presentence custody. (§ 4019; *People v. Duff* (2010) 50 Cal.4th 787, 793.) Notwithstanding section 4019, section 2933.2 expressly precludes individuals convicted of murder from earning any conduct credit. (§ 2933.2, subds. (a), (c); see also *People v. Taylor* (2004) 119 Cal.App.4th 628, 646-647 [although a defendant who has been convicted of murder is entitled to credit for actual days spent in custody prior to sentencing, he or she is not entitled to § 4019 conduct credit].)

Here, the trial court declined to award *any* custody credit, stating "there is no pre-custody credits, based upon the murder charge." Although the trial court was correct that defendant was not entitled to presentence conduct credit, it was error to fail to award defendant actual presentence custody credit. The September 2022 probation report states defendant was arrested on September 4, 2021, but there is no calculation of presentence custody credits. We will remand the matter for the limited purpose of permitting the trial

4

court to calculate and award the correct amount of custody credits. (See *People v. Salazar* (1994) 29 Cal.App.4th 1550, 1557 [the trial court is "in the best position to determine" the correct calculation of custody credits because it " ' "has ready access to the information necessary to resolve [any] dispute" ' "].)

2. Trial Court's Denial of Probation

We next turn to the issue of whether the trial court properly exercised its discretion in denying probation in light of the probation report's statement that defendant was ineligible for probation, based on its analysis of section 1203 and rule 4.413.

Whether to grant or deny probation is generally within the trial court's broad discretion and will ordinarily not be disturbed on appeal absent an abuse of discretion. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 278.) Still, when a defendant is convicted of murder, he or she is (1) ineligible for probation if he or she personally used a firearm during the crime (§ 1203.06, subd. (a)(1)(A)) and (2) presumptively ineligible for probation if one of the circumstances enumerated in section 1203, subdivision (e) exists. (See *People v. Alvarez* (2002) 95 Cal.App.4th 403, 409 [finding the defendant was not presumptively ineligible for probation when none of the circumstances enumerated in § 1203 existed].) If one of those enumerated circumstances exists, probation "shall not be granted" except "in unusual cases in which the interests of justice would best be served if the person is granted probation." (§ 1203, subd. (e).) While rule 4.414 sets out the criteria a court must consider when a defendant is eligible for probation, rule 4.413 sets out the criteria a court must consider when a defendant is presumptively ineligible for probation.

Here, the probation officer referenced two circumstances in support of the conclusion that defendant was presumptively ineligible for probation: the defendant (1) used or attempted to use a deadly weapon upon a person while committing the current crime or (2) willfully inflicted great bodily injury or torture while committing the current crime. (§ 1203, subd. (e)(2), (e)(3).) However, there is no evidence that defendant

5

personally used a deadly weapon during the crime, or that she personally inflicted great bodily injury during the crime. (See *People v. Alvarez*, *supra*, 95 Cal.App.4th at pp. 408-409 [§ 1203, subd. (e)(2) requires personal use of a deadly weapon].)

In any event, whether defendant was eligible for probation is a question of law to be determined by the trial court—not the probation department. A probation officer's views on the law are simply suggestions that have no bearing on the court's ultimate determination, which is our concern on appeal. We review independently whether the trial court properly found a defendant presumptively ineligible for probation. (*People v. Nuno* (2018) 26 Cal.App.5th 43, 50.)

Here, notwithstanding the statement in the probation report that defendant was ineligible for probation, we conclude the trial court did not deem defendant to be ineligible. The court confirmed it had reviewed defendant's sentencing brief, which contained extensive argument that she was not presumptively ineligible for probation and there were multiple mitigating circumstances under rule 4.414 that warranted granting probation. Defendant made similar arguments during her sentencing hearing. In stating this was "clearly not a probation case," the trial court also explained that there are many individuals who, like defendant, have difficult childhoods, but do not go on to commit murder. Under the circumstances, we conclude the court did not deem defendant to be ineligible for probation but instead understood and then applied its discretion in denying probation.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The matter is remanded for the trial court to calculate and award presentence custody credit. The trial court is directed to prepare a corrected abstract of judgment

6

showing the award of custody credit and to forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


/s/
WISEMAN, J.*


We concur:


/s/
EARL, P. J.


/s/
MESIWALA, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.